Brooke, J.
The judge who decided this case seems to have supposed that as the deed was not recorded within twelve months after the removal of the property into YorTc county, it was void as to all the creditors of the grantor, whether creditors at large or creditors whose rights had attached on the property. All these acts regulating conveyances have received a different construction. • It was never supposed that if a deed under one of the former acts was not recorded within eight months, as required by that act, it was void as to creditors at large, whose rights had not attached on the 'property before the deed was recorded after the expiration of the eight months. But independently of that construction of the former acts, the words in the act under consideration, “ such deed, for so long as it shall not be recorded &c. shall be void &c.” ought to put that question at rest. These express words were intended to give validity to the deed, though not recorded within the twelve months from the removal of the property into another county, as soon as it should afterwards be recorded in such county : and the judgment not having been rendered, and the fieri facias placed in the hands of the sheriff, before it was recorded according to the provisions of the act, Cole Sf Sheldon were still creditors at large, their rights having never attached on the property conveyed by the deed. I think, therefore, that the judgment in this case must be reversed, and the cause sent back to the circuit court.